Robert A. Mautino
Mautino and Mautino
California State Bar No. 54071
1059  10th Avenue
San Diego, CA 92101
Telephone:  (619) 235-9177
E-mail:  bob@mautino.org

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Reza Khosravani, | ) | Case No. 08-cv-0220 W (CAB) |
| | ) | |
| Plaintiff | ) | RESPONSE TO NOTICE OF MOTION AND |
| -vs- | ) | MOTION BY DEFENDANTS TO DISMISS OR |
| | ) | ALTERNATIVELY TO REMAND CASE TO |
| Michael Chertoff, Secretary, | ) | U.S. CITIZENSHIP AND IMMIGRATION |
| Department of Homeland | ) | SERVICES |
| Security, et al., | ) | |
| | ) | Date: May 12, 2008; Time:  10:30 a.m.; Ctrm 7 |
| Defendants | ) | The Honorable Thomas J. Whelan |
| | ) | |
| _____ | ) | [Plaintiff Does Not Request Oral Argument] |

The Plaintiff opposes the Defendants' Motion to Dismiss or Alternatively To

Remand Case to U. S. Citizenship and Immigration Services [USCIS].

The Plaintiff filed his present application for naturalization on or about September

20, 2006.  Since that date, there has been no discernible movement in the processing of

his application.  The next step in the processing of his application should be his

examination by a USCIS examiner.  8 U.S.C. 1446(b).  According to the Defendants, he

cannot be examined on his application until the Federal Bureau of Investigation (FBI) has

completed its background investigation.  Memorandum of Points and Authorities

Supporting Defendants' Motion to Dismiss or Alternatively to Remand to United States

Citizenship and Immigration Services (hereafter, Govt Report), at 1,2.

<u>AGENCY HAS CLEAR NONDISCRETIONARY MINISTERIAL
DUTY TO ADJUDICATE PLAINTIFF'S APPLICATION</u>

The Plaintiff is proceeding in this litigation by way of Mandamus because there is

no other relief open to him at the moment.  Court jurisdiction over the merits of the

application, under 8 U.S.C. 1447(b), does not attach until the after the Plaintiff has been

examined by an agency official.  8 U.S.C. 1446(b), 1447(b).  There is no doubt that the

government has a duty to adjudicate, at some point, applications for naturalization.  The

government has created the application form and procedures to be followed.  8 C.F.R.

316.4, 334, 299.5.  The government has designated the fees to be paid for the application

procedures.  8 C.F.R. 103.2, 103.7.  The fee for an application for naturalization is

presently $595.  <u>Id</u>.  A biometrics fee of $80 is also required.  <u>Id</u>.

Applicants for naturalization are instructed to fill out the form and to pay the

applicable fees.  The system, therefore, presupposes a duty to act on the applications.

While the exact timing of the various steps in the application process seems to be left

somewhat to the discretion of the agency, there is nothing discretionary about the fact

that the government must make a decision of some kind.

From the applicant's point of view, the present system, as established by the

government, consists of at least three steps:  (1) filing of the application, (2) examination

by an agency official, and (3) a final decision.  Congress has provided for federal court

jurisdiction over the merits of an application if (1) 120 days pass after the examination

without any agency decision, 8 U.S.C. 1447(b) and (2) there has been a final adjudication

by the agency.  8 U.S.C. 1421(c).  Neither of these situations obtains in the present case.

The government contends that the Court has no Mandamus jurisdiction at all over this case.  Govt Report at 2.  The Plaintiff's position is that the Court does clearly have Mandamus jurisdiction and that it is, therefore, up to the Court to determine whether the government's delay in the particular circumstances of this case is reasonable or unreasonable. In <u>Dairi v. Chertoff</u>, 07cv1014 JM (JMA) (S.D. Cal. Nov. 1, 2007) [copy included in Govt Report, supra], Judge Miller granted the government's motion to dismiss in a case similar to this one.  He agreed with the plaintiff that the government had a "nondiscretionary duty to adjudicate" the plaintiff's application.  However, he concluded that the circumstances of that case were not extraordinary enough to warrant Mandamus relief.  Dairi's application had been pending about 12 months when he sought the aid of the Court.  In Mr. Khosravani's case, approximately 17 months had passed without any discernible action before a complaint was filed.

In both cases, the aid of the federal court was sought because the naturalization applicants had no other relief.  They could not avail themselves of 8 U.S.C. 1447(b) or 1421(c).  The government's inaction had seen to that.  Thus, Dairi was, and Khosravani is, at the mercy of the government.  They were naturally frustrated by the lack of solid information about the progress of their cases.  They filed their complaints in the federal court because no other forum exists and because the only information available from the government was, and is, the agency's bland reports that they simply must wait longer.

The government has a duty to adjudicate the Plaintiff's application for naturalization, and the Court has the ability to force the agency to take some action. The government may, as the Defendants in this case have done, explain the reasons for its delay, and it is up to the Court to determine whether the government's explanations are

reasonable or unreasonable.  The Plaintiff here, Mr. Khosravani, of course, argues that the government has had sufficient time to complete its work and to schedule the Plaintiff for an examination under 8 U.S.C. 1446(b).

## AGENCY MUST ACT WITHIN A REASONABLE TIME

It is evident that the Defendants have a clear nondiscretionary duty to adjudicate the naturalization application of Plaintiff Khosravani.  The only question unresolved is how quickly they must do so.  The Plaintiff submits that they must act within a reasonable time.  The Administrative Procedures Act (APA) requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. 555(b).  The naturalization statutes at issue here do not provide a specific time requirement for the completion of preliminary work prior to the 1446(b) examination, but it is clearly logical and sensible to conclude that the weight of authority reads the APA as imposing such a requirement.  Yu v. Brown, 36 F. Supp. 2d 922 (D.N.M. 1999)(applying the APA's reasonable requirement to similar regulatory provisions in the immigration context);  Kim v. Ashcroft, 340 F. Supp. 2d 384, 391-392 (S.D.N.Y. 2004) (same).

The Plaintiff has been a lawful permanent resident of the United States for over six years.  Govt Report, Exhibit A at paragraph 19.  He thus meets one of the basic requirements for naturalization.  8 U.S.C. 1427(a).  The government had to have investigated him before granting him residence status.  8 C.F.R. 103.2(b)(18).  Thus, Khosravani has been under the government's watchful eye for some six to seven years.  It would seem that any irregularities in his background would have surfaced by this time.

Either none has been found or the government has let a potentially "dangerous" security risk walk around in the country for over six years.

All parties, including the Plaintiff in this litigation, understand that in the present international situation the government should be able to conduct reasonable investigations on applicants for immigration and citizenship benefits. However, the government should not be able to delay applications indefinitely, which seems, from the Plaintiff's point of view, what the government is attempting to do here. Delays of the sort encountered in this case may be "inevitable and becoming more frequent in light of heightened security concerns in the post-9/11 world." <u>Mustafa v. Pasquerell</u>, 2006 U.S. Dist. LEXIS 8047 (W.D. Tex, Dec. 20, 2006) at **15-17. Nevertheless, as one judge put it, "[J]ust as we must be vigilant about security, however, we must also be vigilant against the undue narrowing of access to our courts in the name of that same security." <u>Duan v. Zamberry</u>, No. 06-1351, 2007 U.S.Dist. LEXIS 12697 (W.D. Pa., Feb. 23, 2007) at *14.

<u>CONCLUSION</u>

For the above reasons, the Plaintiff submits that the Defendants' Motion to Dismiss or Alternatively to Remand should be rejected and the Defendants be ordered to schedule the Plaintiff for a 1446(b) examination within a reasonable time.

Dated:  May 4, 2008                    Respectfully submitted,


                                       <u>s/Robert A. Mautino</u>
                                       Robert A. Mautino
                                       Attorney for Plaintiff
                                       E-mail:  bob@mautino.org

Robert A. Mautino
Mautino & Mautino
California State Bar No. 54071
1059  10th Avenue
San Diego, CA 92101
Telephone:  (619) 235-9177
E-mail:  bob@mautino.org

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Reza Khosravani, | ) | Case No. 08-cv-0220 W (CAB) |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Michael Chertoff, Secretary, | ) | |
| Department of Homeland | ) | |
| Security, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

   I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 1059  10th Avenue, San Diego, CA 92101.

   I am not a party to the above-entitled action.  I have caused service of RESPONSE TO NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS OR ALTERNATIVELY TO REMAND CASE TO U.S. CITIZENSHIP AND IMMIGRATION SERVICES on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically provides notice.

Karen P. Hewitt, United States Attorney
Megan Callan, Assistant United States Attorney
Counsel for Defendants
Megan.Callan@usdoj.gov

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on May 4, 2008.                    s/Robert A. Mautino
                                                Robert A. Mautino