KAREN P. HEWITT
United States Attorney
MEGAN CALLAN
Assistant U.S. Attorney
California State Bar No. 230329
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7120
Facsimile: (619) 557-5004
E-mail: Megan.Callan@usdoj.gov

Counsel for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA KHOSRAVANI,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director of U.S.C.I.S; PAUL PIERRE, District Director of U.S.C.I.S.; MICHAEL MUKASEY, U.S. Attorney General,<br><br>      Defendants. | Case No. 08cv0220-W (CAB)<br><br>REPLY SUPPORTING DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY TO REMAND TO UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES<br><br>Date: May 12, 2008<br>Time: 10:30 a.m.<br>Crtrm: 7<br>The Honorable Thomas J. Whelan<br><br>**No Oral Argument Pursuant to Local Rule** |

I

INTRODUCTION

Plaintiff invites the Court to engage in substantive review of the merits of his claim for relief. However, because the Court lacks subject matter jurisdiction, the Complaint should be dismissed pursuant to Rule 12(b)(1). The governing statutory and regulatory framework provide for the agency's actions, the agency has provided evidence that it is complying with the law in the case of Plaintiff's application for naturalization, and therefore the law precludes the relief Plaintiff requests. If the Court were to eventually reach the merits of Plaintiff's claim for any reason, the analysis of the reasonableness of Defendants' action would procedurally be addressed in a motion for summary judgment, but because jurisdiction does not obtain, such analysis should not be reached. Finally, if the Court concludes that jurisdiction exists for any reason, then remand to USCIS is the appropriate action so that administrative action may be completed in the first instance.

II

ARGUMENT

A. THE COURT LACKS SUBJECT MATTER JURISDICTION

1. Plaintiff Does Not Dispute that The All Writs Act Does Not Provide Subject Matter Jurisdiction

Plaintiff's Opposition make no argument regarding the All Writs Act, 28 U.S.C. § 1651. Plaintiff also fails to make any argument that his Complaint implicates the protection against a judicial usurpation of power. See United States v. Ye, 436 F.3d 1117, 1121 (9th Cir. 2006). Plaintiff's Complaint and Opposition together fail to state any basis for a claim upon which the All Writs Act could provide subject matter jurisdiction. See Confederated Tribes v. Bonneville Power Admin., 342 F.3d 924, 930 (9th Cir. 2003); Public Util. Comm'r v. Bonneville Power Admin., 767 F.2d 622, 630 (9th Cir. 1985). Plaintiff makes no argument that would support the Court's exercise of jurisdiction under this provision. As such, Plaintiff's claims arising under the All Writs Act should be dismissed pursuant to Rule 12(b)(1).

//
//
//

### 2. The Mandamus Act Does Not Permit Ongoing Judicial Oversight of Administrative Processing

Plaintiff relies upon the passage of time to trigger Mandamus Act jurisdiction. See Opposition, at 3 (doc. no. 4). He argues that "movement" on his application is not discernable (implicitly, his argument includes a subjective element: discernable to him), and for that reason, Plaintiff argues the Court has jurisdiction to oversee what the agency's actions are and whether they are progressing rapidly enough (again, implicitly, from Plaintiff's perspective). The declaration of Janaki Rangaswamy, attached to Defendants' Motion as Ex. A and Fact Sheet attached thereto, explains the detailed processing that USCIS must complete on each application for naturalization. See Ex. A at ¶¶ 3-18; Fact Sheet attached thereto. The fact that Plaintiff is unable to discern movement on his application is irrelevant to the question of whether administrative processing is ongoing.

In addition, Defendants submitted evidence that processing is ongoing on Plaintiff's application specifically. See id. at ¶¶ 19-22. "Once the required security checks are completed, including the FBI name check, plaintiff's [naturalization] application will be immediately placed in the electronic queue to be scheduled for an interview . . . ." Id. at ¶ 22. Such information is far more detailed than Plaintiff's suggests. More importantly, such evidence is sufficient to demonstrate that while administrative processing is ongoing, the Mandamus Act does not provide this Court with subject matter jurisdiction. See Yasmeh v. Mukasey, No. 08cv0024-H, slip op. (S.D. Cal. Apr. 1, 2008), attached as Exhibit D; Dairi v. Chertoff, No. 07cv1014-JM, 2007 U.S. Dist. LEXIS 80987 (S.D. Cal. Nov. 1, 2007), attached as Exhibit C; Zhou v. Chertoff, No. 07cv0102-LAB, slip op. (S.D. Cal. Mar. 14, 2007), attached as Exhibit B.

Plaintiff's case is materially indistinguishable from Dairi, Yasmeh, and Zhou. Those decisions weigh strongly in favor of dismissing this cause of action for lack of subject matter jurisdiction as well.

//
//
//
//
//

   3. **The APA and Section 1331 Do Not Provide Jurisdiction to Order Administrative Completion When the Law Precludes Such Administrative Action**

Finally, the combination of the APA and 28 U.S.C. § 1331 does not operate in this case to grant the Court jurisdiction over Plaintiff's Complaint because the relief requested cannot be ordered as a matter of law. Plaintiff argues that the Court should engage in an analysis of reasonableness, i.e., the Court should determine whether the agency's conduct is being completed in a reasonable time under the APA. See 5 U.S.C. § 555(b). However, such an analysis would occur, if at all on this record, upon motion for summary judgment.

To determine whether a delay is egregious, such that relief under the APA is warranted, several circuits have adopted the test articulated in Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC"). Six factors are considered in cases where courts must determine whether agency delay is unreasonable as a matter of law.

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute,t hat statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80.

Plaintiff argues that Defendants have had sufficient time to complete their requisite actions under the statutes and regulations. Oppo at 4 (doc. no. 4). How can Plaintiff know this? Plaintiff's argument requires an understanding of the number of other applications pending, the information relevant to his own application and to the others, the resources available to Defendant agencies to process those applications, and the resources that Defendants must allocate to other programs and actions required by law. Plaintiff's argument that he has waited, essentially, long enough, lacks merit.

However, substantive consideration of the merits of Plaintiff's Complaint should not precede the Court's determination of its subject matter jurisdiction and the propriety of remand on this record. Subject matter jurisdiction is lacking under the APA and § 1331 because as Defendants have

1 demonstrated, the law does not permit them to schedule Plaintiff's examination or interview until his
2 background check is completed, 8 C.F.R. § 335.2(b), and the naturalization application may not be
3 adjudicated until the examination is completed and the relevant information reviewed, see id. at § 335.1;
4 Zhou, No. 07cv0102, slip op., Ex. B at 3.

5      B.     IF THE COURT FINDS JURISDICTION, REMAND IS APPROPRIATE

6 Alternatively, if this Court concludes it may exercise jurisdiction over the subject matter of
7 Plaintiff's Complaint, remand of the matter to USCIS is appropriate for the agency to conclude its
8 ongoing review of the naturalization application in the first instance. Congress provided for judicial
9 review of either a stalled naturalization application, 8 U.S.C. § 1447(b), or a denied naturalization
10 application, id. § 1421(c).

11 Neither provision applies to Plaintiff's case or circumstances. He has not yet been interviewed
12 in compliance with the statutory and regulatory provisions. See 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1;
13 see also Raufi v. Chertoff, 434 F. Supp. 2d 813, 814-15 (S.D. Cal. 2006) . Therefore, the 120-day time
14 period preceding judicial review under section 1447(b) has not yet begun. And Plaintiff's naturalization
15 application has not yet been denied, and may never be denied. So section 1421(c) does not yet trigger
16 judicial review.

17 Under these circumstances, remand to USCIS is appropriate so that administrative processing
18 may be completed. Remand will permits the agency to render, and Plaintiff to receive, a decision in the
19 first instance based upon a complete administrative record. See Khelifa v. Chertoff, 433 F.Supp. 2d 836,
20 843-44 (D. Mich. 2006). Also, remand will not deprive Plaintiff of judicial review, if his naturalization
21 application is ultimately administratively denied, 8 U.S.C. § 1421(c), or if it is not adjudicated within 120
22 days of the date of Plaintiff's administrative examination by USCIS. See id. at § 1447(b).
23 //
24 //
25 //
26 //
27 //
28 //

III

CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the Court should remand Plaintiff's Complaint to USCIS for adjudication after the completion of the necessary background investigation.

Dated: May 12, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

s/ Megan Callan

MEGAN CALLAN
Assistant U.S. Attorney
Counsel for Defendants
Email: Megan.Callan@usdoj.gov