FILED
2008 MAY 13 AM 11: 27
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA KHOSRAVANI,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security, et. al.,<br><br>    Defendants. | CASE NO. 08-CV-0220 W (CAB)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION (Doc. No. 3) |

On February 5, 2008 Plaintiff Reza Khosravani ("Plaintiff") filed a complaint in mandamus against Defendants Michael Chertoff et. al. ("Defendants") seeking a Court order commanding Defendants to interview Plaintiff and move forward with the processing of Plaintiff's application to become a naturalized United States citizen. (Doc. No. 1.) Pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction, or in the alternative, to remand to the United States Citizenship & Immigration Services ("USCIS"). The Court takes the matter under submission and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint in Mandamus. (Doc. No. 3.)

///

///

## I. BACKGROUND

Plaintiff Reza Khosravani is a lawful permanent resident of the United States of America and a native of Iran. (*Compl.* ¶ 1; *Janaki Rangaswamy Decl.* ¶ 19.) Defendants are a collection of government officials responsible for processing and adjudicating naturalization applications. (*Compl.* ¶ 3.)

On September 20, 2006 Plaintiff filed with USCIS a Form N–400 application to become a naturalized United States citizen. (*Compl.* ¶ 4.) On September 28, 2006 USCIS requested the Federal Bureau of Investigation ("FBI") to initiate Plaintiff's background investigation. (*Janaki Rangaswamy Decl.* ¶ 20.) To date, USCIS has not yet received the results of the FBI background check, and Plaintiff's naturalization application remains pending. (*Id.*)

USCIS states that once it receives Plaintiff's results, it stands ready to interview Plaintiff and make a final determination on Plaintiff's application. (*Id.* ¶¶ 20–22.) In the meantime, Plaintiff has inquired many times of Defendants as to the status of his naturalization application, including several personal letters directed to each Defendant. (*Compl* ¶ 5.)

On February 5, 2008 Plaintiff filed a complaint in mandamus seeking a Court order commanding Defendants to interview Plaintiff and move forward with the processing of Plaintiff's naturalization application. (Doc. No. 1.) On April 7, 2008 Defendants moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, or in the alternative to remand the case to USCIS. (Doc. No. 3.) On May 4, 2008 Plaintiff filed his Opposition. (Doc. No. 4.) On May 12, 2008, per an extension, Defendants filed their Reply brief. (Doc. No. 7.)

## II. LEGAL STANDARD & DISCUSSION

Defendants argue on several grounds that this Court lacks jurisdiction to hear Plaintiff's Complaint. First, Defendants contend that the Court cannot order USCIS to conduct Plaintiff's examination because USCIS does not have authority to act until

it receives the results of Plaintiff's FBI background check. (*Defs.' Mot.* 2–3.) Next, Defendants argue that jurisdiction does not attach under the Mandamus Act, 28 U.S.C. § 1361, because Plaintiff's claims are not clear and certain and Defendants' duties are not so plainly prescribed as to be free from doubt. (*Defs.' Mot.* 4–5.) Third, Defendants argue that the Administrative Procedures Act ("APA") does not provide jurisdiction because the USCIS is not required to act unless and until the FBI completes its background check. (*Id.* 5–7.) Finally, Defendants contend that because Plaintiff does not request that the Court issue a writ to protect jurisdiction or effectuate judgment, the All Writs Act, 28 U.S.C. § 1651, does not provide a basis for exercising federal jurisdiction. (*Id.* 7–8.)

Although Plaintiff's Complaint cites several bases for federal subject matter jurisdiction, (*Compl.* ¶¶ 1, 3), Plaintiff correctly concedes most of Defendants' arguments[1] and recognizes that the Court can only entertain jurisdiction through the Mandamus Act, 28 U.S.C. § 1361. (*Pl.'s Mot.* 2–4.) Plaintiff argues that mandamus is warranted because the United States government has taken an unreasonable amount of time (seventeen months and counting) to process his naturalization application; especially unreasonable given Plaintiff's presence in the country for the last seven years. (*Id.* 4–5.)

The Mandamus Act provides district courts with original jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States of any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, the availability of mandamus is limited. See <u>Cheney v. United States District Court</u>, 542 U.S. 367, 392 (2004) (Stevens, J., concurring). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only

---

[1] For instance, Plaintiff correctly recognizes that Defendants are precluded from proceeding with an applicant interview, as requested by Plaintiff, until completion of the FBI background check. 8 C.F.R. § 335.2(b). Moreover, 8 U.S.C. § 1421(c) only permits judicial review after the USCIS has denied a naturalization application and 8 U.S.C. § 1447(b) permits judicial review only after the examination is complete. None of these events have yet occurred to empower this court to review Plaintiff's naturalization application or compel Defendants to interview Plaintiff.

if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).

In this case, Plaintiff's claim is neither clear nor certain because his application process is ongoing, (Janaki Rangaswamy Decl. ¶¶ 20–22), and USCIS and FBI have not run afoul of any laws requiring that they conduct background investigations in a certain amount of time. In other words, Defendants have no duty to expedite a background check because Plaintiff desires immediate results.

Moreover, while the USCIS has a nondiscretionary duty to process Plaintiff's application, government agencies have a fair amount of discretion when it comes to the procedures and timelines for handling immigration matters. See, e.g., 8 U.S.C. § 1446(a) (granting Attorney General discretion to waive personal investigation requirement); c.f. INS v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) ("[J]udicial deference to the executive branch is especially appropriate in the immigration context where officials 'exercise especially sensitive political functions that implicate questions of foreign relations.'"). Although Plaintiff reads in a "reasonable amount of time" element to the statutory scheme, (Pl.'s Opp'n 4), Plaintiff has produced nothing—except his own impatience—suggesting that a seventeen month wait is unreasonable as a matter of law and, even then, deserving of the extraordinary writ of mandamus.[2] Because USCIS is already fulfilling and stands ready to continue fulfilling its every obligation under the law, Plaintiff shall have his requested remedy once the FBI completes its background investigation. Accordingly, Plaintiff is not entitled to a writ of mandamus and the Court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint in mandamus.

---

[2] This is not to say that the Court does not appreciate Plaintiff's desire to become a naturalized United States citizen, and applaud the efforts Plaintiff has made in order to diligently shepherd his application through the naturalization process. Unfortunately, however, the Court can only act and provide relief where a plaintiff has satisfied his burden of proving a violation of law. Therein lies the difficulty in granting Plaintiff's requested relief.

## IV. CONCLUSION

Both Plaintiff and Defendants agree that the laws involving naturalization applications preclude judicial review until after the USCIS has interviewed Plaintiff. Both parties also agree that, by law, USCIS cannot interview Plaintiff until the FBI completes its background investigation. Unfortunately, Plaintiff has not shown that this Court enjoys the power to order a background investigation or order Defendants to interview Plaintiff without first receiving the results of his FBI background check. Under the totality of the circumstances, a writ of mandamus compelling Defendants to perform any of the above actions in contrivance of law would be improper. Because Defendants have shown that Plaintiff's application has been timely processed and is currently pending an FBI name check, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint in mandamus.

IT IS SO ORDERED.

Dated: May 12, 2008

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California